

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) **KEVIN MCNEIL SR.**, )<br>  )<br>   Plaintiff, )<br>  )<br> vs. )<br>  )<br> (1) **SKINNER TANK** )<br>     **COMPANY**, a )<br> corporation doing business in the )<br> State of Oklahoma )<br>  )<br>   Defendant. )<br>  ) | **FILED**<br> OCT 4 2012<br> Phil Lombardi, Clerk<br> U.S. DISTRICT COURT<br><br> **12 CV - 549 GKF   PJC**<br><br><br> <u>Attorney's Lien Claimed</u><br> <u>Jury Trial Demanded</u> |

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff Kevin McNeil Sr. ("Plaintiff") and for her cause of action against the Defendant Skinner Tank Company ("Defendant") alleges and states as follows:

### I.   PRELIMINARY STATEMENT

1. This is a proceeding seeking damages for the deprivation of the Plaintiff's constitutional and statutory rights, including her right to be free from racially motivated threats, abuse, and retaliatory discharge by her employer and its agents.

2. The United States Equal Employment Opportunity Commission mailed her "Right to Sue" letter on July 23, 2012

### II.   JURISDICTION AND VENUE

3. This court has jurisdiction over this Complaint, as some of the matters in controversy arise under the Constitution and laws of the United States, 28 U.S.C. § 1331:  Plaintiff

      seeks to recover damages under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e).

4. Venue is properly in this court pursuant to 28 U.S.C. § 1391.

### III. PARTIES

5. Plaintiff is a citizen of the United States, who was at all times relevant hereto domiciled and residing in Tulsa County, Oklahoma. He is an African-American male.

6. Defendant is and was at all times relevant hereto a domestic corporation doing business in Tulsa County, State of Oklahoma.

### IV. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff at all times relevant hereto was an employee of Defendant and was hired on or about September 2011 to work in the capacity of a "Traveling Welder."

8. Plaintiff at all times relevant hereto was under the control and subject to the orders and directions of Defendant as to the details of Plaintiff's work assignments.

9. Defendant paid Plaintiff's salary, withheld taxes, and administered benefits.

10. Defendant supervised Plaintiff's work at all times relevant hereto.

11. Prior to the incidents complained of herein, Plaintiff had a good job performance and attitude record while an employee of Defendant.

12. During the time Plaintiff worked in Defendant's Construction Site, Plaintiff was the constant victim of racial discrimination.

13. Plaintiff was mistreated on almost a daily basis by Defendant's Employee, Terry, because he was Black. Terry was Plaintiff's immediate Supervisor.

14. For example, On September 22, 2011, Defendant's Employee, Terry, refused to give Plaintiff proper gear. The gear given to Plaintiff was a Helmet that was worn out and the

sleeves on the uniform were burnt through. Defendant's Employee "Terry" refused to train Plaintiff on the "tank", which Plaintiff would be using. Plaintiff was required to climb thirty two feet high to Weld T-plates for roofing beams without a harness. Defendant's Employee Terry, explained to the Plaintiff, "Having a harness on would slow him down and Plaintiff needed to get used to working that high without wearing a harness and if Plaintiff was not going to be able to work without a harness after his second week, Defendant's Employee Terry would run him off."

15. Defendant's Employee Terry yelled excessively at the Plaintiff for the first five hours upon being employed by the Defendant.

16. By the end of the day, Defendant's Employee Terry, told the Plaintiff that "He was his GOD," and "he pays Plaintiff's salary, feeds Plaintiff's family, and there is no one out there that can save him."

17. On Monday, September 26, 2011, Defendant's Employee Terry and three employees, named Rick, Otis, and Marcus, went on their lunch break and smoked weed. Once they arrived back from break, all were high. Terry told Plaintiff, "If he ever tried to throw him under the bus (snitch him out), he would suffer the consequences."

18. On Thursday, September 29, 2011, Plaintiff proceeded to move the Grinder Tanks cords to the other side of the Grinder Tank and when Terry saw Plaintiff walking up to the scaffold, Terry jumped out of his truck and said, "Get your Black Ass to work".

19. Plaintiff climbed down the tank and walked to Terry's truck and Terry stated, "You Niggers aren't worth shit!" "Boy get your black ass on that tank, and I don't want to see that Grinder stopped".

20. Defendant did not treat any non-black employee the way Plaintiff was treated.

## V.   FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21. Plaintiff realleges and incorporates by reference each and every allegation in the aforementioned paragraphs.

22. A significant factor in Plaintiff's discharge by Defendant was unlawful employment discrimination based on Plaintiff's race.

23. Defendant's actions in discharging Plaintiff were calculated and racially motivated, which caused Plaintiff lost salary and benefits, emotional, and mental distress.

24. As a direct result of the actions of Defendant and its employees in violation of the Title VII of the Civil Rights Act of 1964, Plaintiff has sustained damages and is entitled to compensatory damages in excess of Ten Thousand Dollars, punitive damages in excess of Ten Thousand Dollars, attorney fees, costs, and such other relief as the court may deem just proper.

## VI.   SECOND CAUSE OF ACTION: NEGLIGENT RETENTION & SUPERVISION

25. Plaintiff realleges and incorporates by reference each and every allegation in the aforementioned paragraphs.

26. Defendant was on notice of Defendant's employees' propensity to commit racially motivated discriminatory acts.

27. Defendant willfully continued to retain and supervise such employees.

28. Plaintiff suffered public humiliation, mental pain and anguish as a result of Defendant's negligent retention and supervision.

## VII.  THIRD CAUSE OF ACTION: EXEMPLARY DAMAGES

29. Plaintiff realleges and incorporates by reference each and every allegation in the aforementioned paragraphs.

30. Defendant's actions and omissions, in all the causes of action alleged above, were malicious, willful, and in gross disregard of Plaintiffs' constitutionally protected rights.

31. In order to punish Defendant for so engaging in unlawful practices and to deter such actions and omissions in the future, Plaintiff should be awarded exemplary damages.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendant awarding Plaintiff relief, as follows:

1. Compensatory damages for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, loss of reputation, and constitutional right to be free from racially motivated verbal threats and mental abuse, and retaliation by her employers and their agents, which amount is in excess of $10,001.00, the specific amount to be proven at trial;

2. Compensatory damages for Plaintiff's lost salary (back pay and front pay), lost raises and bonuses, and lost benefits;

3. All reasonable costs, including without limitation attorney's fees and expert fees;

4. Exemplary damages;

5. Pre-judgment and post-judgment interest;

6. Such other relief as the Court may deem just and equitable.

Respectfully submitted this 3rd day of October, 2012.

By: _____
JESSIKA M. TATE, OBA # 22013
510 N. SHERIDAN, SUITE A
TULSA, OK 74105
Phone: (918) 805-3955
Fax: (918) 430-3516

ATTORNEYS FOR PLAINTIFF